COWART, Judge,
dissenting:
I agree that, because the shoplifting thief when arrested with some stolen goods was observed hiding something in the front of the vehicle in which she was a passenger, the arresting officer had reason to believe other stolen items were being hidden and had probable cause to forthwith search the vehicle for them without a warrant under the exigent circumstances existing when the vehicle was about to be removed from the area by its driver. I do not agree that probable cause justified the seizure of the two open top carryall-tote bags[1] but not their immediate search. The officer’s reason and right to search and seize without a warrant related to the probable presence of stolen property in the vehicle. It was the vehicle that was being searched and not the bags. The bags were not known to exist until, during the search of the vehicle, they were discovered. It was not known that the bags contained stolen property until they were searched. Necessarily the bags were removed from their location before the officer could look into them to ascertain if they contained stolen property. This re *1192 moval of the bags from their original hidden location in the vehicle was not itself a seizure but was one step in the authorized search of the vehicle. The seizure occurred, as it normally does, after the search had revealed the contents to contain stolen property. It was the contents of the bags that were the object of the search and seizure and not the bags themselves. The tote bags, being in the vehicle, necessarily partook of the mobile nature of the vehicle itself, justifying their warrantless search as. part of the search of the vehicle. If, when searched, the bags had not contained stolen property, their contents would not have been seized but would have been left in the vehicle to leave with it, just as was the driver and other unseized contents of the vehicle.
In Chadwick suspicion and probable cause had focused on a double locked footlocker while it was in railway transit and it was seized just as it was being placed in the trunk of a parked car and both the footlocker and the car were taken into custody. Likewise, in Sanders suspicion amounting to probable cause had centered on Sanders’ suitcase while it was in transit and long before it was put into the taxi from which it was seized. In both Chadwick and Sanders the officers were not searching vehicles for something unknown, they were after the luggage which they already had probable cause to believe to contain contraband and the luggage had only incidentally been placed into a vehicle at the time of its seizure. In Ulesky, unlike in this ease, it was the driver who was arrested, the vehicle was not leaving the area, and the officers reasonably could have obtained a search warrant for the vehicle and its contents. In Liles, as in Chadwick and Sanders, the officers impounded the vehicle in which was located the satchel later searched without a warrant. In Chadwick and in Sanders it was actually the footlocker and the suitcases which were desired to be searched, not the vehicles, and in Ulesky and Liles the vehicle and its contents were immobilized and it was practical for police officers to have obtained a search warrant before searching the vehicle and its contents.
Because of its absurdity, police officers will never understand that the law authorizes them to seize an object such as a shopping bag on the basis that they have reason to believe that it contains contraband but will not authorize them to immediately look into it to determine the truth and forthwith either return it to its owner if it does not contain contraband or keep possession of it if it does. As a practical matter it will never occur to a police officer that he should, after taking possession, not look into it but must take it to a magistrate, explain his probable cause for believing that its contents are subject to seizure and then have the magistrate sign a search warrant authorizing the police officer to look into the container. Under these circumstances, since the officer is the one in possession of the object to be searched at the time the search is authorized who does he represent to the magistrate is in possession of the property to be searched? After the search warrant is issued must the officer then go back and find the person from whom the container was seized and serve the search warrant on that person?
As the same probable cause and exigent circumstances making it reasonable to search the vehicle without a warrant also makes it reasonable to search the tote bags before seizing them I would not extend Chadwick and Sanders to further limit Chambers v. Maroney but would affirm the denial of the motion to suppress in this case and affirm the trial court’s disposition of this case based upon the appellant’s nolo contendere plea.
The trial court’s denial of a motion to suppress based upon its finding of probable cause comes to this court clothed with a presumption of correctness. McNamara v. State, 357 So.2d 410, 412 (Fla.1978). In my opinion appellant has failed to overcome that presumption in this case.

. The bags were variously referred to as two handbags and two purses but later they were described as “carryall totes, about this big by about that wide (indicating). They were open on top. — The one was a tan canvas carryall-type bag, and the other was a straw carryall-type bag with yellow flowers on it.” (TR 8, 12, 13, and 15)